**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BERNARD L. SMITH,

     Plaintiff - Appellant,

v.

JANSSEN PHARMACEUTICALS, INC.;
JOHNSON & JOHNSON COMPANY;
JANSSEN RESEARCH AND
DEVELOPMENT, LLC,

     Defendants - Appellees.

No. 17-3057
(D.C. No. 2:15-CV-09085-JAR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Bernard Smith, proceeding pro se, appeals the district court's grant of

summary judgment in favor of defendants in this product liability action.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Smith began taking the medication Risperdal in 2007 to treat certain mental health conditions. In July 2008, he switched to a generic version of the drug—Risperidone—which he continued to use until February 2014. During this period, he was also prescribed at least two other antipsychotic medications—Haloperidol and Thiothixene.

In February 2014, Smith began complaining of sore, enlarged, and leaking breasts. He told medical staff that he had been diagnosed with galactorrhea and gynecomastia in 2007, and that a lawyer had advised him to document those conditions in his medical records. However, there is no record of a 2007 diagnosis, and physical exams in 2014 and 2015 did not reveal any abnormal breast enlargement or discharge, causing at least one doctor to reject the possibility that Smith was suffering from gynecomastia.

In April 2015, Smith filed a pro se complaint in state court against Janssen Pharmaceuticals, Inc., Johnson & Johnson, and Janssen Research & Development, LLC (collectively "defendants"), alleging that Risperdal had caused him to experience extreme weight gain and gynecomastia. Defendants removed the case to federal court on the basis of diversity jurisdiction. After discovery was complete, they moved for summary judgment. Interpreting Smith's complaint as asserting a product liability claim, the district court granted the motion. It concluded there was no evidence that Smith had been diagnosed with gynecomastia or galactorrhea, or

that his alleged physical symptoms were caused by ingestion of Risperdal. Smith timely appealed.

## II

We review a district court's grant of summary judgment de novo. Koch v. City of Del City, 660 F.3d 1228, 1237 (10th Cir. 2011). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Fowler v. United States, 647 F.3d 1232, 1237 (10th Cir. 2011) (quotation omitted).

Smith's product liability claim is governed by the Kansas Product Liabilities Act ("KPLA"), Kan. Stat. § 60-3301 et seq. See McPhail v. Deere & Co., 529 F.3d 947, 957 (10th Cir. 2008) (applying substantive law of forum state in diversity action); Savina v. Sterling Drug, Inc., 795 P.2d 915, 931 (Kan. 1990) (noting KPLA "applies to all product liability claims regardless of the substantive theory of recovery"). Smith may recover under this statute only if he can show that he suffered an injury caused by defendants' product. See Jenkins v. Amchem Prods., Inc., 886 P.2d 869, 886 (Kan. 1994).

We agree with the district court that Smith has failed to demonstrate either injury or causation. There is no evidence in the record—aside from Smith's own unsupported assertions—that he was ever diagnosed with gynecomastia or galactorrhea, and his physical exams from 2014 and 2015 indicate that he did not

3

suffer from any symptoms related to those conditions. To the extent Smith alleges other injuries, such as weight gain, there is nothing in the record to support a conclusion that those injuries resulted from his limited use of Risperdal.

## III

**AFFIRMED**. Smith's motion to proceed in forma pauperis is **GRANTED**, but we remind him of his obligation to continue making payments until the filing fee is paid in full. See 28 U.S.C. § 1915(b).


Entered for the Court


Carlos F. Lucero
Circuit Judge